Pilar C. French, OSB No. 96288
frenchp@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendant Countrywide Home Loans, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| BETSY GILLETT,<br><br>Plaintiff,<br><br>v.<br><br>**COUNTRYWIDE HOME LOANS, INC.,**<br>aka **COUNTRYWIDE HOME LOANS**, a<br>New York corporation,<br><br>Defendants. | CV No. CV'07-1280-MO<br><br>Defendant Countrywide Home Loans, Inc.'s<br>**NOTICE OF REMOVAL OF ACTION**<br>**UNDER 28 U.S.C. § 1441(b)**<br>**FEDERAL QUESTION** |

COMES NOW defendant Countrywide Home Loans, Inc., aka Countrywide Home Loans ("Countrywide"), by and though its counsel of record, Lane Powell PC, and pursuant to 28 U.S.C. § 1446, hereby provides notice of removal as follows:

1.   This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441. Venue in this Court is proper pursuant to 28 U.S.C. § 1446(a) because the Circuit Court of the State of Oregon for the County of Multnomah is located within the District of this Court.

PAGE 1 -   NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) FEDERAL
           QUESTION

2. On or about July 23, 2007, plaintiff Betsy Gillett ("Plaintiff") commenced an action against defendants in the Circuit Court of the State of Oregon for the County of Multnomah as Case No. 0707-08394.

3. At the time of the commencement of said action in state court and at the time of filing this removal petition, plaintiff was a natural person.

4. On July 26, 2007, defendant Countrywide was served with copies of a "Summons" and "Complaint," copies of which are attached hereto as Exhibits A and B.

5. This Notice of Removal was filed within thirty (30) days of defendant being served with a copy of the Summons and Complaint filed by plaintiff in the state court action.

6. Accompanying this Notice of Removal as Exhibit C is a copy of the Notice of Filing Notice of Removal (without exhibits), to be filed in the Circuit Court of the State of Oregon for the County of Multnomah promptly after filing this Notice of Removal.

7. No responsive or pleading papers have been filed by defendants in this action.

8. This is a controversy for which the United States District Court has original jurisdiction under 28 U.S.C. § 1331 because it arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et, seq.*

WHEREFORE, defendant Countrywide respectfully requests that this Court assume full jurisdiction over this action, as provided for by law.

DATED: August 24, 2007

LANE POWELL PC

By _____
Pilar C. French, OSB No. 96288
Telephone: 503.778.2170
Attorneys for Defendant Countrywide Home Loans, Inc.

PAGE 2 -   NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) FEDERAL QUESTION

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| BETSY GILLETT, | ) | Case No. |
| | ) | |
| Plaintiffs, | ) | SUMMONS    0707-08394 |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTRYWIDE HOME LOANS, INC., aka, | ) | |
| COUNTRYWIDE HOME LOANS, a New York corporation, | ) | |
| | ) | |
| Defendant. | ) | |

TO: Countrywide Home Loans, Inc. c/o Registered Agent: The Prentice-Hall Corporation System, Inc., 285 Liberty Street NE, Salem, OR 97301.

You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

### NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You may be liable for attorney fees in this case. Should plaintiff in this case not prevail, a judgment for reasonable attorney fees will be entered against you, as provided by the agreement to which defendant alleges you are a party. You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer". The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately. If you need help finding an attorney, you may call the Oregon State Bar Lawyer's Referral Service at (503) 684-3763 or toll free in Oregon at (800) 452-7636.

DATED this 23rd day of July, 2007.

_(signature)_
Michael C. Baxter, OSB #91020
Baxter & Baxter, LLP
Attorney for Plaintiff

STATE OF OREGON  )
                 ) ss.
County of Washington )

I, the undersigned attorney of record for the plaintiff(s), certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

DATED this 23rd day of July, 2007.

_(signature)_
Michael C. Baxter, OSB #91020
Baxter & Baxter, LLP
Attorney for Plaintiff

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service upon a separate document which you shall attach hereto.

DATED this 23rd day of July, 2007.

_(signature)_
Michael C. Baxter, OSB #91020
Baxter & Baxter, LLP
Attorney for Plaintiff

Page 1   SUMMONS

Baxter & Baxter, LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

EXHIBIT A
Page 1 of 3

## PROOF OF SERVICE

STATE OF _____ )
                                ) ss.
County of _____ )

    I hereby certify that I made service of the foregoing summons upon the individuals and other legal entities to be served, named below, by delivering or leaving true copies of said summons and the complaint mentioned therein, certified to be such by the attorney for the plaintiff, as follows:

### Personal Service Upon Individual(s)

Upon _____, by delivering such true copy to him/her, personally and in person, at _____, on _____, 2007, at ____ o'clock ____.M.

Upon _____, by delivering such true copy to him/her, personally and in person, at _____, on _____, 2007, at ____ o'clock ____.M.

### Substituted Service Upon Individual(s)**

Upon _____ by delivering such true copy at his/her dwelling house or usual place of abode, to-wit: _____, to _____, who is a person over the age of 14 years and a member of the household of the person served on _____, 2007, at ____ o'clock ____.M.

Upon _____ by delivering such true copy at his/her dwelling house or usual place of abode, to-wit: _____, to _____, who is a person over the age of 14 years and a member of the household of the person served on _____, 2007, at ____ o'clock ____.M.

### Office Service Upon Individual(s)**

Upon _____, at the office which he/she maintains for the conduct of business at _____, by leaving such true copy with _____, the person who is apparently in charge, on _____, 2007, during normal working hours, at to-wit: ____ o'clock, ____.M.

### Service on Corporations, Limited Partnerships or Unincorporated Associations Subject to Suit Under a Common Name

Upon _____, by:
    (NAME OF CORPORATION, LIMITED PARTNERSHIP, ETC.)
(a) delivering such true copy, personally and in person, to _____ who is a/the *_____ thereof; or
(b) leaving such true copy with _____, the person who is apparently in charge of the office of _____, who is a/the _____ (specify registered agent, officer (by title), director, general partner, managing agent. thereof) at: _____, on _____, 2007, at _____ o'clock ____.M.

DATED _____ 2007.

I further certify that I am a competent person 18 years of age or older and a resident of the state of service or the State of _____, and that I am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise; that the person, firm or corporation served by me is person, firm or corporation named in the action.

 

_____
SIGNATURE

_____
TYPE OR PRINT NAME

_____
ADDRESS

_____
PHONE

**Where substituted or office service is used, the Plaintiff, as soon as reasonably possible, shall be caused to mail a copy of the summons and complaint to the Defendant at the Defendant's dwelling house or usual place of abode, together with a statement of the time, date, and place at which such service was made.

Page 2   SUMMONS

Baxter & Baxter, LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

48305120





RECEIVED
JUL 27 2007
LEGAL DIVISION

NJP / ALL
Transmittal Number: 5259887
Date Processed: 07/26/2007

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Katie Hause Kida<br>Countrywide Legal Department<br>5220 Las Virgenes Road, AC-11<br>Calabasas, CA 91302 |
| **Copy of transmittal only provided to:** | Nicole Coleman |
| **Entity:** | Countrywide Home Loans, Inc.<br>Entity ID Number 0213055 |
| **Entity Served:** | Countrywide Home Loans, Inc. |
| **Title of Action:** | Betsy Gillett vs. Countrywide Home Loans, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court:** | Multnomah Circuit Court, Oregon |
| **Case Number:** | 0707-08394 |
| **Jurisdiction Served:** | Oregon |
| **Date Served on CSC:** | 07/26/2007 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | Michael C. Baxter<br>503-297-9031 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

EXHIBIT A
Page 3 of 3



IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| BETSY GILLETT, | Case No. |
| Plaintiff, | COMPLAINT 0707-08394 |
| v. | (Breach of Contract, Fair Credit Reporting Act, Negligence and Invasion of Privacy) |
| COUNTRYWIDE HOME LOANS, INC., aka COUNTRYWIDE HOME LOANS, a New York corporation, | JURY TRIAL DEMANDED |
| Defendant. | (NOT SUBJECT TO MANDATORY ARBITRATION) |

1.

Plaintiff Betsy Gillett (hereinafter "Plaintiff") is an individual who lives in the state of Oregon. Defendant Countrywide Home Loans, Inc., (hereinafter "Defendant" or "Countrywide") is a New York corporation, registered to do business in the State of Oregon. Defendant is in the business of making and collecting on mortgage loans.

2.

Plaintiff originally signed several mortgage loans with Principal Residential Mortgage, Inc. These loans were eventually purchased by Citimortgage, then by Countrywide Home Loans. On or about January 2005, plaintiff sent Countrywide one check with a letter to the defendant indicating how the money from the check should be separated to make payments on three of plaintiff's loans. Defendant misapplied plaintiff's payment. Plaintiff called defendant. Defendant informed plaintiff that the entire check had been applied to one loan and that they would correct their error. The error was not corrected.

Page 1   COMPLAINT

Baxter & Baxter, LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

EXHIBIT B
Page 1 of 12

3.

On or about March 2005 plaintiff began receiving collection calls daily from defendant. Plaintiff called Judy McKay at Countrywide and explained the problem. McKay told plaintiff to remedy the problem she needed to send $23.11 to bring the final loan current. Plaintiff submitted a check for $23.11 to defendant. On March 30, 2005, defendant returned plaintiff's $23.11 check. At this time plaintiff also received statements showing all three loans had negative escrow balances and she began receiving harassing collection calls from Countrywide.

4.

On or about April 2005, plaintiff again called McKay at Countrywide. Plaintiff informed defendant of the continuous harassing phone calls which she was receiving from Countrywide. Plaintiff also informed McKay that defendant had returned her $23.11 check. McKay indicated she would look into it.

5.

McKay called plaintiff and informed her that there were negative escrow balances on the accounts as a result of defendant having to apply forced place insurance to the loans. Plaintiff, who is involved in the insurance business, informed McKay that plaintiff did have insurance on the loans. Plaintiff faxed proof of insurance for the three loans to Countrywide. McKay told plaintiff that this would remedy the problem with the loans.

6.

On or about May 2005, plaintiff received statements for the three loans. These statements continued to show negative escrow balances. Plaintiff called McKay again. McKay could not locate plaintiff's proofs of insurance and asked that she fax them again. Plaintiff faxed for a second time the proofs of insurance on the three loans.

7.

On or about mid May 2005, defendant informed plaintiff that the negative escrow balances were not due to Countrywide having to purchase forced place insurance on the three loans but rather

Page 2   COMPLAINT

Baxter & Baxter, LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

that the loans were received from Citimortgage with negative escrow balances and that plaintiff would have to contact Citimortgage to rectify the situation.

8.

Plaintiff contacted Citimortgage regarding the negative escrow balances. Citimortgage informed her that two of the loans were sent to Countrywide with zero balances but that the third loan had a negative balance because Citimortgage had to purchase forced place insurance. Plaintiff spoke to George Aitchison at Citimortgage and explained that proofs of insurance had been provided to Citimortgage on the three loans and there was always insurance in force on the loans. Plaintiff faxed proofs of insurance to Shawn Evans with Citimortgage for the three loans. Citimortgage indicated that the negative escrow balance would be corrected and that Countrywide would be informed.

9.

On May 28, 2005, plaintiff contacted McKay and informed her that she was selling a property and needed to be assured that Countrywide's negative equity statement would be resolved prior to closing. The property ended up being sold without a correction from Countrywide.

10.

In June 2005, plaintiff called defendant to check on the status of Countrywide's corrections. Defendant told plaintiff she needed to provide Countrywide with plaintiff's complete payment history. Plaintiff faxed a complete payment history to defendant.

11.

By mid-June the harassing collection calls began again. Plaintiff contacted McKay and informed her of these calls and asked the status of Countrywide's corrections and when she would receive a refund check for the positive escrow balance she was entitled to. Plaintiff also informed McKay that her billing statements were now showing insurance premiums for each account but that no escrow account had ever been set up. Plaintiff told defendant that she was attempting to refinance the loans and wanted to be sure that the negative escrow balance had been corrected.

Page 3  COMPLAINT

Baxter & Baxter, LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

12.

On July 1, 2005 plaintiff received a phone call from McKay. McKay told plaintiff that Countrywide had corrected their error on the first loan and that she would be receiving a refund check of $225.02. McKay indicated that the two remaining loans were in the process of being corrected and she would shortly be receiving similar refund checks on these other two loans.

13.

On July 13, 2005 plaintiff received a notice from Countrywide that her $351.86 check for the monthly payment on her loan had been rejected because it was insufficient to cover the negative escrow balance. On July 21, 2005, plaintiff called McKay who put her in touch with Christopher Garcia, who was in charge of Countrywide's "Escalation Department." On July 30, 2005 plaintiff spoke to Garcia who apologized to plaintiff while assuring her that he would correct the problem. Garcia reviewed the accounts and told plaintiff to submit to defendant an additional $225.02 which represented the amount of the refund Countrywide had provided. Garcia told plaintiff Countrywide had submitted the refund in error. Plaintiff returned the $225.02 with the understanding that this would finally correct Countrywide's error. Garcia told plaintiff to in the future only pay her normal monthly payments and disregard any other amounts on the bill until Countrywide had corrected their error. Garcia told plaintiff that he would personally see that Countrywide's errors did not impact her credit.

14.

In August 2005, plaintiff received notice that four of her refinancing loans had been denied because of late payments being reported by Countrywide.

15.

On August 2, 2005 plaintiff received an e-mail from Judy. Judy informed plaintiff that all the problems with her loans had been corrected.

16.

On August 15, 2005 plaintiff received notice that her payment to Countrywide had been

Page 4   COMPLAINT

Baxter & Baxter, LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

EXHIBIT B
Page 4 of 12

rejected. Garcia called plaintiff and apologized for the rejections because he had not been able to complete Countrywide's corrections. Garcia also informed plaintiff that Countrywide had been backlogged and it had been unable to send the necessary corrections to the credit bureaus. Garcia informed plaintiff he would keep her informed of the progress.

17.

In late August the harassing collection calls began again. Plaintiff was unable to get through to Garcia at Countrywide. In mid-September, plaintiff was receiving harassing collection calls four times a day from Countrywide. She e-mailed Garcia and informed him that Countrywide had rejected her September payment. She received no response to her e-mail.

18.

In October she again e-mailed Garcia and informed him that her October payment had been rejected. She received no response to her e-mail. In late October plaintiff e-mailed Garcia again and asked him why he would not respond to her e-mail. Plaintiff also e-mailed McKay asking how to get a response from Countrywide. McKay returned plaintiff's e-mail indicating that Garcia had moved to another department. McKay did not respond to any further e-mails.

19.

In December, however, plaintiff received an e-mail from McKay. In the e-mail McKay indicated that her mother was in the hospital and that the reason she had not been responding was that she had not been at work. She indicated she would forward plaintiff's e-mails to top management. On December 28, 2005 plaintiff received a phone call from Countrywide. It was not to resolve the problem. Countrywide wanted to set up payment arrangements to pay the outstanding balance. Plaintiff explained Countrywide's errors and that Countrywide indicated it would get back to her regarding the corrections. Plaintiff never heard from her again.

20.

In January plaintiff received a notice from Countrywide that her case was being submitted to Countrywide's Foreclosure Management Committee for review. Plaintiff was very upset that now

Page 5   COMPLAINT

Baxter & Baxter, LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

EXHIBIT B
Page 5 of 12

1  Countrywide was talking about taking her properties. She e-mailed McKay. McKay ignored her e-
2  mails. On January 12, 2006 plaintiff called Countrywide to speak with someone about the
3  foreclosure letter. She was placed on hold for thirty minutes and forwarded to voice mail. Plaintiff
4  left a detailed voice mail. Countrywide did not respond to her voice mail.

5                                            21.

6  On January 13, 2006 plaintiff received a call from her Credit Union advising that
7  Countrywide had again rejected her payment. Plaintiff sent an e-mail to McKay stating that her
8  payment in the amount of $351.86, as agreed to by Garcia, had been rejected. McKay ignored her
9  e-mail. Plaintiff also received a credit report indicating that her credit score was insufficient to
10  refinance four loans she was seeking to refinance.

11                                           22.

12  On January 13, 2006 plaintiff received a letter from Countrywide indicating it was
13  researching her complaint. On January 19, 2006 Ozzy Rodriquez with Countrywide called
14  requesting plaintiff once again fax in her proofs of insurance for the loans. Plaintiff resent the proofs
15  of insurance. Plaintiff received a call from Rodriquez indicating that one of the loans had been
16  resolved.

17                                           23.

18  On February 10, 2006 plaintiff received a phone call from Countrywide indicating it had still
19  not received the proofs of insurance on the loans. On February 15, 2006 plaintiff received refunds
20  from Countrywide on one of the loans. On February 28, 2006 plaintiff received a letter from
21  Countrywide which stated that all matters had been resolved. Plaintiff called Rodriquez and left a
22  message that plaintiff wanted to be sure that Countrywide corrected her credit report. She also was
23  seeking to know how much was necessary to make the loans current. Plaintiff then sent a fax to
24  Countrywide's legal department asking that they call as she needed assurance that the credit
25  reporting agencies had been contacted. Plaintiff also told defendant that Countrywide was still not
26  accepting her payment for one of the loans.

Page 6   COMPLAINT

Baxter & Baxter, LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

24.

On March 6, 2006 plaintiff received a call from Rodriquez that he was researching the loan that would not accept payments. Plaintiff told Rodriquez to have someone call her so that she would know when the problem was corrected.

25.

In April 2006 plaintiff was again informed by her Credit Union that Countrywide would not accept her loan payment. In June, plaintiff sent a letter to Countrywide. On June 30, 2006 plaintiff received a letter from Countrywide that it was not reporting any negative credit to the credit bureaus.

26.

In October 2006 plaintiff received a letter from Countrywide stating the original problem was due to a title company error and Countrywide had no ability to correct the problem. Plaintiff called Nancy Kuzel at Countrywide. Plaintiff told Kuzel that the title company error issue did not even arise until the issue was six months old. Kuzel told plaintiff she would contact the title company to assure that the problem was finally resolved and would get back to plaintiff. Plaintiff never received any call from either Kuzel or the title company. Plaintiff continued to leave phone messages to Kuzel. None of these messages were returned.

27.

Plaintiff received a call from Lisa with Countrywide's Foreclosure department. She indicated that plaintiff was delinquent in her payments. Plaintiff informed Lisa that the previous manager had indicated that plaintiff would not be responsible for missed payments which Countrywide would not accept until Countrywide had corrected the problem with the mortgage. Lisa asked for all supporting documents. Lisa promised to review these documents and to get back to plaintiff with directions as to what was necessary to correct the problem. Plaintiff faxed twenty two pages of documents to Lisa along with a promise to submit any other documents which Countrywide deemed necessary to their investigation. In December plaintiff received her credit report. The credit report reflected a delinquency with Countrywide.

Page 7   COMPLAINT

Baxter & Baxter, LLP
8335 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

28.

On December 6, 2006 plaintiff sent Countrywide a 103 page facsimile to Lisa/Nancy. She received no response. On December 26, 2006 plaintiff sent a follow up facsimile to Lisa/Nancy. She received no response.

29.

On or about January 2, 2007 plaintiff received a letter from Chase Visa that it was canceling plaintiff's credit card due to negative information being reported by Countrywide. Plaintiff forwarded a copy of Chase's letter to Lisa/Nancy. On January 22, 2007 plaintiff sent a facsimile to Lisa/Nancy asking for them to call. Plaintiff received no telephone call. On January 26, 2007 plaintiff called and left a message that she was still attempting to refinance and could not until Countrywide corrected its problem in reporting the loan. Plaintiff received no response. On February 2, 2007 plaintiff called and left a message pleading for someone to call her. Plaintiff received no response.

30.

On February 20, 2007 plaintiff sent a facsimile to Countrywide asking what she needed to do to bring her accounts current so her credit would not be totally destroyed. On February 21, 2007 plaintiff sent a certified letter to Countrywide.

31.

On March 1, 2007 plaintiff received a denial from Paramount Mortgage on the refinancing of her properties. Having not received any response from anyone, plaintiff made one final attempt to pay her mortgage by sending a check for $6,472.22, representing the total of all payments which Countrywide had not accepted. On March 18, 2007 the check was returned as unacceptable by Countrywide.

32.

During this period plaintiff disputed Countrywide's false reporting to the credit reporting agencies. After investigating plaintiff's dispute, Countrywide continued to falsely report derogatory

Page 8   COMPLAINT

Baxter & Baxter, LLP
8035 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

credit information concerning plaintiff to the credit reporting agencies.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT

33.

Plaintiff incorporates paragraphs 1 - 32 as if fully set forth herein.

34.

Defendant breached its agreements with plaintiff in one or more of the following ways:

(a) failing to accept plaintiff's payments on the account;

(b) failing to properly credit the accounts by crediting plaintiff's payments;

(c) failing to provide credit for insurance plaintiff paid for on the accounts;

(d) beginning foreclosure without meeting Countrywide's obligations under the terms of the contracts;

(e) willfully failing to notify the credit bureaus to cease adverse credit reporting concerning the accounts;

(f) willfully failing to have the credit bureaus delete adverse credit reporting on the accounts.

35.

Defendant's breaches caused forseeable damages by plaintiff including lost opportunity to receive credit, inability to sell property owned by plaintiff, damage to reputation and payment of increased interest, for which she seeks damages in a reasonable amount not to exceed $100,000.

36.

Plaintiff is entitled to attorney fees pursuant to the contract.

## SECOND CLAIM FOR RELIEF
## FAIR CREDIT REPORTING ACT
## (15 U.S.C. § 1681n)

37.

Plaintiff incorporates paragraphs 1 - 32 as if fully set forth herein.

Page 9   COMPLAINT

Baxter & Baxter, LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

EXHIBIT B
Page 9 of 12

38.

Defendant willfully failed to comply with the requirements of the FCRA, 15 U.S.C. § 1681s-2(b).

39.

As a result of defendant's violations of the FCRA, plaintiff has suffered damages, including denial of credit, lost opportunity to receive credit, damage to her reputation, worry, fear, distress, frustration, embarrassment, and humiliation, in a reasonable amount to be determined by the jury not to exceed $350,000, in addition to statutory damages as determined by the Court.

40.

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

41.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

### THIRD CLAIM FOR RELIEF
### FAIR CREDIT REPORTING ACT
### (15 U.S.C. § 1681o)

42.

Plaintiff incorporates paragraphs 1 - 32 as if fully set forth herein.

43.

Defendant negligently failed to comply with the requirements of the FCRA, 15 U.S.C. § 1681s-2(b).

44.

As a result of defendant's violations of the FCRA, plaintiff has suffered damages, including denial of credit, lost opportunity to receive credit, damage to her reputation, worry, fear, distress, frustration, embarrassment, and humiliation, in a reasonable amount to be determined by the jury not to exceed $350,000.

Page 10 COMPLAINT

Baxter & Baxter, LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

EXHIBIT B
Page 10 of 12

45.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681o(a).

FOURTH CLAIM FOR RELIEF
NEGLIGENCE

46.

Plaintiff incorporates paragraphs 1 - 32 as if fully set forth herein.

47.

Defendant was willfully negligent in one or more of the following ways:

(a)   failing to correct Countrywide's error's to the account;

(b)   failing to give plaintiff credit for insurance;

(c)   failing to accept plaintiff's payments on the account;

(d)   beginning foreclosure on the account without meeting their obligations under the terms of the contracts.

48.

Defendant's breaches caused forseeable damages by plaintiff including lost opportunity to receive credit, inability to sell property owned by plaintiff, damage to reputation and payment of increased interest, for which she seeks damages in a reasonable amount not to exceed $100,000.

FIFTH CLAIM FOR RELIEF
INVASION OF PRIVACY

49.

Plaintiff incorporates paragraphs 1 - 32 as if fully set forth herein.

50.

Defendant's harassing collection attempts intruded on plaintiff's private affairs and seclusion. This intrusion would be offensive to a reasonable person.

51.

As a result of defendant's intrusion, plaintiff has suffered damages, including worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be

Page 11 COMPLAINT

Baxter & Baxter, LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

1 | determined by the jury in a reasonable amount not to exceed $250,000.

## PRAYER

Wherefore plaintiff prays for a judgment against defendant as follows:

1. On Plaintiff's First Claim for Relief:
   a. Actual damages;
   b. Attorney fees and costs.

2. On Plaintiff's Second Claim for Relief:
   a. Actual damages;
   b. Statutory damages;
   c. Punitive damages; and,
   d. Attorney fees and costs.

3. On Plaintiff's Third Claim for Relief:
   a. Actual damages,
   b. Attorney fees and costs.

4. On Plaintiff's Fourth Claim for Relief:
   a. Actual damages,
   b. Attorney fees and costs.

5. On Plaintiff's Fifth Claim for Relief:
   a. Actual damages,
   b. Attorney fees and costs.

DATED this 23th day of July, 2007.

_____
Michael C. Baxter, OSB #91020
Baxter & Baxter, LLP
Attorney for Plaintiff

Page 12 COMPLAINT

Baxter & Baxter, LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

1

2

3

4       IN THE CIRCUIT COURT OF THE STATE OF OREGON

5             FOR THE COUNTY OF MULTNOMAH

6  BETSY GILLETT,                    )
                         Plaintiff,  ) 0707-08394
7                                    )
       vs.                           ) NOTICE OF FILING NOTICE OF
8                                    ) REMOVAL
   COUNTRYWIDE HOME LOANS, INC., aka )
9  COUNTRYWIDE HOME LOANS, a New     )
   York corporation,                 )
10                                   )
                         Defendants. )
11 _____)

12

13 TO:   PLAINTIFF BETSY GILLETT AND HER ATTORNEY OF RECORD, MICHAEL C.
         BAXTER, AND THE CIRCUIT COURT OF THE STATE OF OREGON, IN AND FOR
14       THE COUNTY OF MULTNOMAH

15       PLEASE TAKE NOTICE that on the 24th day of August, 2007, defendants Countrywide

16 Home Loans, Inc., aka Countrywide Home Loans, filed a Notice of Removal in the United States

17 District Court for the District of Oregon, at Portland, Oregon. A true and correct copy of the

18 Notice of Removal, including all exhibits, is attached hereto as Exhibit 1.

19       DATED: August 24, 2007

20                                          LANE POWELL PC

21

22                                          By_____
                                               Pilar C. French, OSB No. 96288
23                                             docketing-pdx@lanepowell.com
                                               Attorneys for Countrywide Home Loans, Inc.
24

25

26

PAGE 1 -  NOTICE OF FILING NOTICE OF REMOVAL

116589.0090/640901.1

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

EXHIBIT C
Page 1 of 2

# CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2007, I caused to be served a copy of the foregoing NOTICE OF FILING NOTICE OF REMOVAL on the following person(s) in the manner indicated below at the following address(es):

Michael C. Baxter, Esq.
Baxter & Baxter, LLP
9935 SW Canyon Lane, Suite 130
Portland, OR 07225
Facsimile: 503.291.9172
E-mail: Michael@baxterlaw.com

  Attorneys for Plaintiff

- ☐ by **CM/ECF**
- ☑ by **Electronic Mail**
- ☐ by **Facsimile Transmission**
- ☑ by **First Class Mail**
- ☐ by **Hand Delivery**
- ☐ by **Overnight Delivery**

_____
Pilar C. French

PAGE 1 -    CERTIFICATE OF SERVICE

116589.0090/640901.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

EXHIBIT C
Page 2 of 2

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2007, I caused to be served a copy of the foregoing Defendant Countrywide Home Loans, Inc.'s **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) FEDERAL QUESTION** on the following person(s) in the manner indicated below at the following address(es):

Michael C. Baxter, Esq.
Baxter & Baxter, LLP
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
Facsimile: 503.297.9031
E-mail: Michael@baxterlaw.com

  Attorneys for Plaintiff

☐   by **CM/ECF**
☒   by **Electronic Mail**
☐   by **Facsimile Transmission**
☒   by **First Class Mail**
☐   by **Hand Delivery**
☐   by **Overnight Delivery**

_____
Pilar C. French

PAGE 1 -   CERTIFICATE OF SERVICE